IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY EDWARD KUCERA,

        Plaintiff,

v.                                                               No. 17cv789 KG/SCY

SOO-YOUNG CHOI and
NORTH KOREA,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 2, 2017 ("Application") and on Plaintiff's Amended Complaint, Doc. 7, filed August 8, 2017. For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** this case **without prejudice**.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating that he unable to pay the costs of these proceedings and provided the following information: (i) his average monthly income during the past 12 months was $667.00; (ii) he is unemployed; (iii) he owns no assets; and (iv) his monthly expenses are $267.00. Because he is unemployed and because of his low monthly income, the Court finds that Plaintiff is unable to prepay the fees to initiate this action. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) (stating that while a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life").

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma*

*pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges that Defendant Choi is a spy from North Korea, she was acting under color of state law and that she physically assaulted Plaintiff thereby violating his constitutional rights, privileges and immunities. *See* Amended Complaint at 1, 3, 6. In addition to compensation, Plaintiff seeks to be placed in the federal witness protection program, the ability to review classified documents, and to be classified as a Central Intelligence Agency Officer. *See* Amended Complaint at 6.

The Court will construe Plaintiff's Amended Complaint as seeking relief pursuant to 42 U.S.C. § 1983 or as a *Bivens* action, because Plaintiff claims Defendant Choi violated his Constitutional rights.[1] *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (Section 1983 provides a cause of action against state officials who violate constitutional or other federally protected right; a *Bivens* action is the federal analog to a § 1983 suit and provides a "private action for damages against federal officers who violate certain constitutional rights."). Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law."); *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009)

---

[1] Plaintiff filed his original Complaint "pursuant to 42 U.S.C. 1983." *See* Doc. 1 at 1, filed August 2, 2017.

(quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)) (The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor"); *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) ("Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is."). Although Plaintiff makes the conclusory allegation that the Defendant Choi was acting under color of state law, there are no factual allegations showing that Defendant Choi is a state actor or that her conduct is attributable to the State, or that Defendant Choi is a federal official. Plaintiff voices vague concerns about espionage, but he does not assert any claims against Defendant North Korea. *See* Complaint at 1 (stating plaintiff "is concerned regarding the growing threat of espionage operations conducted by North Korea, in New Mexico"). The Court will, therefore, dismiss this case without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 2, 2017, is **GRANTED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**